CHASEZ, Judge.
On June 18, 1964, Herbert Marsh, a refrigerator repairman, installed a replacement ice-making component into the refrigerator of Jonas Hiller, which was located in the kitchen of the latter’s residence. On June 19th, Mr. Hiller awoke to discover his kitchen and adjacent dining-room floor flooded with water from the refrigerator. The flooding caused his parquet dining-room floor to buckle and swell.
The damage to the dining-room floor was adjusted between Mr. Pliller and the plaintiff, Pacific Insurance Company, for the sum of $500.00. The plaintiff, as sub-rogee, subsequently filed suit in the First City Court of New Orleans for the $500.00 paid to its insured, alleging negligence on the part of the defendant, Herbert Marsh.
The Court below rendered judgment for the defendant and dismissed the plaintiff’s suit, and the plaintiff filed this appeal.
It is undisputed that the cause of flooding was not a defect in the replaced ice-maker itself, but that the flooding was due to dirt located under the seat of a water valve causing it to remain in an open position. This water valve supplied the water to the ice-maker.
Thé crux of the case resolves itself to this: Was the defendant negligent in not discovering dirt in the seat of the water valve as a part of his duty to perform his job in a reasonably workmanlike manner? We must answer the question in the negative, as the plaintiff has not borne his burden of proof of the defendant’s negligence.
*850 The defendant testified that he checked the water valve for “operation”, but not for dirt. There is nothing in evidence to show' that it was the defendant’s duty to examine further for dirt if the water valve, after check and test, appeared to operate properly.
Further, the plaintiff’s own witness, Mr. Hiller, testified that there was a large amount of mineral deposits in the water running through his pipes. It is entirely possible that the valve clogged after the installation of the replacement unit, and there was no showing to the contrary on behalf of the plaintiff. The judgment of the First City Court of New Orleans was correct in our opinion, and is affirmed.
Affirmed.